NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| THEODORE S. CALABRESE, <br><br> Plaintiff, <br> v. <br><br> STATE OF NEW JERSEY, et al., <br><br> Defendants. | Civil Action No.: 17-4987 (CCC-SCM) <br><br> **OPINION and ORDER** |

**CECCHI, District Judge.**

I. **INTRODUCTION**

This matter comes before the Court on the motion of the Hon. Marcella Matos-Wilson ("Matos-Wilson," (ECF No. 43) to dismiss the second amended complaint (the "SAC") of Theodore S. Calabrese ("Plaintiff"). The Court has considered the submissions made in support of and in opposition to the instant motions. ECF Nos. 43, 44, 48.[1] Pursuant to Fed. R. Civ. P. 78(b), no oral argument was heard. For the reasons set forth below, Defendant's motion is **GRANTED**.

II. **BACKGROUND**

This case concerns a custody dispute between Plaintiff and his ex-wife. Plaintiff filed the initial complaint in this case on July 7, 2017 alleging that Matos-Wilson and the state of New Jersey violated his rights by depriving him of access to his children without adequate procedural protections. Compl., ECF No. 1 at 1. Plaintiff filed an amended complaint on July 28, 2017 naming additional defendants who allegedly interfered with his parental rights. Am. Compl., ECF No. 4 at 1-2. Defendants filed motions

---

[1] Plaintiff improperly filed a sur-reply (ECF No. 50) to Matos-Wilson's reply in support of her motion to dismiss without leave of the Court as required by Local Rule 7.1(d)(6). Nevertheless, given Plaintiff's *pro se* status the Court has considered Plaintiff's sur-reply in deciding the motion to dismiss.

1

to dismiss the amended complaint (ECF Nos. 14, 15, 20, and 29) and the Court issued an opinion on May 31, 2018 granting all defendants' motions to dismiss without prejudice. Op., ECF No. 37 at 1. Mindful of Plaintiff's *pro se* status, this Court granted Plaintiff leave to file a second amended complaint within thirty days "to the extent the pleading deficiencies identified by the Court can be cured by way of amendment." Order, ECF No. 38 at 2. Plaintiff subsequently filed the SAC on June 15, 2018, naming only Matos-Wilson as a defendant.

### III. DISCUSSION

In this Court's prior opinion, Plaintiff's claims against Matos-Wilson were dismissed because the Eleventh Amendment bars any direct claims against the State of New Jersey and Matos-Wilson was being sued in her official capacity as a state official. Op., ECF No. 37 at 5-6. This Court additionally found that Matos-Wilson was subject to the doctrine of judicial immunity and that Plaintiff failed to show that Matos-Wilson's complained of acts were not judicial and thus fell outside the scope of the doctrine of judicial immunity. The SAC fails due to these deficiencies and Plaintiff's claims against Matos-Wilson are again barred by the Eleventh Amendment and the doctrine of judicial immunity. Plaintiff continues to allege that his claims against Matos-Wilson are not barred by the Eleventh Amendment because he is seeking declaratory or injunctive relief and "it is substantially likely the harm Defendant is causing wi[ll] continue in the future considering she keeps doing it." SAC, ECF No. 39 at 32. This Court has already rejected the same meritless and conclusory argument from Plaintiff. Op., ECF No. 37 at 7 (internal citations and quotation marks omitted) ("The Court accordingly finds that Plaintiff has not satisfied his burden of showing a substantial likelihood that he was likely to suffer some future injury at the hands of a named party by merely alleging that he seeks injunctive relief against Defendant Matos-Wilson for prospectively creating the opportunity for the violation of Plaintiffs rights."). Similarly, Plaintiff continues to allege that the doctrine of judicial immunity does not apply to his claims against Matos-Wilson as "Constitutional violations of parties cannot be said to be a function normally performed by a judge" and therefore he is

2

not challenging Matos-Wilson's judicial acts. SAC, ECF No. 39 at 2. These allegations, too, have already been rejected. Op., ECF No. 37 at 9 (internal citations and quotation marks omitted) ("The Court, however, declines to find that Plaintiff has shown that Defendant Matos-Wilson's alleged acts were not judicial through conclusory averments that she acted unconstitutionally . . . . Rather, the Court finds that Plaintiffs allegations concerning Defendant Matos Wilson solely concern judicial acts or omissions that Defendant Matos-Wilson undertook in her judicial capacity as the presiding judge in the underlying state court litigation."). As in the original complaint, Plaintiff's SAC brings claims against Matos-Wilson for her prior actions as a New Jersey state court judge overseeing his custody dispute. These claims again fail and cannot proceed in this Court.[2]

## IV. CONCLUSION

For the reasons stated above and enumerated in this court's prior opinion at length, Plaintiff's claims are barred and will be dismissed. Op., ECF No. 37 at 5-10. Given Plaintiff's inability to overcome his pleading deficiencies again, the SAC is dismissed with prejudice and the Clerk of the Court is directed to close this matter. For the reasons stated above, the Court will dismiss Plaintiff's claims against Matos-Wilson with prejudice.

**SO ORDERED.**

Date: May 30, 2019

_____
**CLAIRE C. CECCHI, U.S.D.J.**

---

[2] Matos-Wilson also argues that even if she is not immune from suit under the Eleventh Amendment and the doctrine of judicial immunity, Plaintiff's claims against her are barred under the *Younger* abstention and *Rooker-Feldman* doctrines. Def. Br., ECF No. 43-3 at 21. The Court's previous opinion addressed these issues and made clear that it lacks subject matter jurisdiction to "interfere with the ongoing state proceedings by issuing any injunctive relief" or reviewing any "final judgments issued by the state court." Op., ECF No. 37 at 7 n.2. The Court sees no reason to deviate from its prior ruling on these alternative arguments as the SAC has not cured the relevant pleading deficiencies previously identified.

3